NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARMELO TORRE,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY OF SANTA CRUZ, CALIFORNIA,<br><br>    Defendant. | No. C 07-02682 HRL<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

On May 21, 2007, Robert Carmelo Torre filed a complaint along with an application to proceed *in forma pauperis* ("IFP").[1] He contests a parking ticket issued by the City of Santa Cruz ("City"). Pursuant to 28 U.S.C. § 1915(e)(2), Torre's IFP application was denied without prejudice and the complaint was dismissed with leave to amend.

In his amended complaint, Torre alleges that the parking ticket was issued in violation of his civil rights under 42 U.S.C. § 1983 because he was parked in a privately owned lot and the City fined him without first holding a jury trial. "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). The gravamen of Torre's complaint, and the only ostensible basis for a federal

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, plaintiff has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1 claim for relief, is that the City unlawfully deprived him of his Sixth Amendment right to a jury
2 trial.

3 However, the Sixth Amendment right to a jury trial does not extend to petty offenses.
4 See Frank v. United States, 395 U.S. 147, 148 (1969) ("[I]t has long been the rule that so-called
5 'petty' offenses may be tried without a jury."); United States v. Stansell, 847 F.2d 609, 611 (9th
6 Cir. 1988) ("The general rule has become that an offense is petty if the maximum penalty
7 provided does not exceed six months imprisonment, a $500 fine, or both."). In the instant case,
8 Torre says that he was fined $25 for violation of the City's municipal code section 10.53.090.
9 The parking citation in question is an infraction, and Torre has no Sixth Amendment right to a
10 jury trial for the cited offense. See Cal. Veh. Code § 40000.1 (defining violations of the code or
11 any local ordinance as "infractions"); Cal. Pen. Code § 19.6 (persons charged with an infraction
12 are not entitled to a jury trial); Santa Cruz, Cal., Mun. Code § 4.04.010 (infractions are
13 punishable by a fine up to $100 for a first offense, $200 for a second violation of the same
14 ordinance within a one-year period, and $500 for each additional violation within one year).
15 Thus, Torre's factual allegations, even if taken as true, state no cognizable claim against the
16 City for violation of any rights secured under federal law.

17 Based on the foregoing, IT IS ORDERED THAT Torre's amended complaint is
18 DISMISSED WITHOUT LEAVE TO AMEND. See 28 U.S.C. § 1915(e)(2); O'Loughlin v.
19 Doe, 920 F.2d 614, 616 (9th Cir 1990). The clerk shall enter judgment and close the file.

21 Dated:   September 28, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  A copy of this document will be mailed to:

2  Robert Carmelo Torre
   P.O. Box 307
3  Santa Cruz, CA 95061

4

5  Dated:  9/28/07                    _____/s/_____
                                      Chambers of Magistrate Judge Lloyd
6

**United States District Court**
For the Northern District of California

3